Opinion issued February 27, 2003.









     




In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01122-CR




JEFFREY DEWAYNE SOSTAND, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law Eight, 
Harris County, Texas
Trial Court Cause No. 1063922




MEMORANDUM OPINION

          A jury convicted appellant, Jeffrey Dewayne Sostand, of driving while
intoxicated, and the trial court assessed punishment at 60 days’ confinement.
Appellant contends that the trial court abused its discretion by not granting a mistrial
when the jury indicated that it was deadlocked and by instead issuing a supplemental
charge urging the jury to continue deliberating. We affirm. 
Background
          No reporter’s record was filed in this case. The clerk’s record reveals that, on 
June 16, 2001, appellant was charged by an information of driving while intoxicated,
enhanced with one prior felony conviction. Appellant entered a plea of not guilty and
received a trial by jury. The clerk’s record contains three notes that the jury
foreperson sent to the trial judge, prior to the jury returning a verdict. The first jury
note requested items introduced into evidence. The second note, sent several hours
later, stated “We are at a dead lock [sic]. What’s our next step?” In response, the
trial court issued a supplementary jury charge, informing the jurors that, in the event
they were unable to reach a unanimous verdict within a “reasonable amount of time,” 
the criminal information against appellant would still be pending and that it was
“reasonable to assume that this case will be tried again before another jury at some
future time.” The charge further reminded the jurors that, 
it is your duty to consult with one another, to consider each other’s
views and to discuss the evidence with the objective of reaching a just
verdict, if you can do so without doing violence to individual judgment.
. . . Do not hesitate to re-examine your own views and to change your
opinion if you are wrong, but do not surrender your honest belief as to
the weight and effect of evidence solely because of the opinion of your
fellow jurors or for the mere purpose of reaching a verdict. . . . With
these additional instructions you are requested to deliberate in an effort
to arrive at a verdict that is acceptable to all members of the jury if you
can do so without doing violence to your conscience.

The jury sent the judge a third note, half an hour after receiving this supplemental
charge, which stated: “Still at a deadlock. Based upon information provided, jurors
. . . will most likely not change his/her position.” Nonetheless, the jury returned with
a unanimous verdict of guilty at 10:00 am the next morning. 
          The trial court entered judgment on the jury’s verdict, finding appellant guilty
and assessing punishment at 60 days’ confinement. Appellant filed a notice of appeal
the same day, and later filed a motion for a new trial claiming that the evidence was
insufficient to support his conviction and that the trial court erred by not granting a
mistrial when the jury informed the court it had deadlocked and instead ordering the
jury to continue deliberating.
Discussion
          Appellant challenges his conviction by claiming that the trial court erred by not
granting a mistrial when the jury informed the court that it was deadlocked and by
issuing a supplemental jury charge directing the jury to continue deliberating. The
clerk’s record does not reflect that appellant moved for a mistrial at any point. 
Therefore, we hold that appellant has not preserved this issue for review.



          Additionally, we are unable to determine whether appellant properly and timely
objected to the supplemental charge issued to the jury. On appeal, appellant points
to the timing of the charge and the jury’s deliberations, and argues that the court’s
decision to issue a supplemental charge to the jury was coercive. We note that the use
of such a supplemental charge is a customary practice in both federal and state courts
and has been approved by both the United States Supreme Court and the Texas Court
of Criminal Appeals. Allen v. United States, 164 U.S. 492, 501, 17 S. Ct. 154, 157
(1896); Howard v. State, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996); Simpson v.
State, 668 S.W.2d 915, 919 (Tex. App.—Houston [1st Dist.] 1984, no pet.). The
Court of Criminal Appeals has stated that “[t]the primary inquiry to determine the
propriety of an Allen charge . . . is its coercive effect on juror deliberation, ‘in its
context and under all circumstances.’” Howard, 941 S.W.2d at 123. In addition to
being unable to determine whether appellant properly objected to the Allen charge,
we are unable to fully examine the context and circumstances of the Allen charge
issued in this case, as we are hindered by the lack of a reporter’s record.


       Conclusion
          We affirm the trial court’s judgment. 
 
 

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).